UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEJANDRO CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 24-cv-00289-VKD<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR EXTENSION OF SERVICE DEADLINE**<br><br>Re: Dkt. No. 12 |

Plaintiff Alejandro Calderon filed this civil rights action on January 17, 2024. Dkt. No. 1. His original complaint named the City of San Jose and police officer J. Rodriguez Martinez as defendants. *Id.* ¶¶ 6, 7. On April 10, 2024, the Court issued an order noting that there was no indication that defendants had been served and that the deadline for Mr. Calderon to complete service under Rule 4(m) was April 16, 2024. Dkt. No. 9. The Court directed Mr. Calderon to file proof of service or waiver of service, or a report on the status of his efforts to complete service by April 16, 2024. *Id.*

On April 16, 2024, Mr. Calderon filed an amended complaint that is substantially identical to his original complaint, except that the amended complaint names seven additional police officers as defendants. *See* Dkt. No. 10. Mr. Calderon did not respond to the Court's April 10, 2024 order.

On April 17, 2024, Mr. Calderon filed a request for an extension of time to complete service. Dkt. No. 12. He provided no explanation for why he failed to seek an extension before

expiration of the service deadline,[1] or for why he failed to file a timely response to the Court's April 10, 2024 order. *Id.* Later on April 17, 2024, Mr. Calderon filed proof of service on all defendants, showing that they had been served that same day. *See* Dkt. Nos. 13-21.

Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As Mr. Calderon missed the deadline for service of the original complaint without seeking an extension of time, and also failed to timely respond to the Court's April 10, 2024 *specifically alerting* him to the relevant deadlines, the Court finds it difficult to conclude that Mr. Calderon has shown good cause for missing his deadline to serve the defendants named in the original complaint.[2] However, Rule 4(m) permits the Court to grant an extension of the service deadline even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Nevertheless, as all defendants have now been served, in the exercise of its discretion, the Court grants Mr. Calderon's request and retroactively extends his deadline to serve the City of San Jose and Officer Rodriguez to April 17, 2024. *See Bruce v. Cnty. of Marin*, No. 23-CV-03931-JST, 2024 WL 557713, at *3 (N.D. Cal. Feb. 12, 2024); *Thompson v. Stanford Univ.*, No. 16-CV-06826-BLF, 2017 WL 2772033, at *2 (N.D. Cal. June 26, 2017).

**IT IS SO ORDERED.**

Dated: April 18, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The filing of an amended complaint does not restart the 90-day time limit to complete service under Rule 4(m). *See Jen v. City & Cnty. of San Francisco*, No. 15-CV-03834-HSG, 2018 WL 1524049, at *1 (N.D. Cal. Mar. 28, 2018); *Moore v. Walton*, 96 F.4th 616, 626 (3d Cir. 2024).

[2] Mr. Calderon also failed to file a timely initial case management statement or consent/declination to magistrate judge jurisdiction. *See* Dkt. Nos. 4, 5, 9.